**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE HART,

      Plaintiff - Appellant,

v.

IRVIN JAUKINS, Warden;
DEPARTMENT OF CORRECTIONS
MEDICAL STAFF; DENVER
COUNTY JAIL; ROBERT C.
FLONCE; CHEIF OLIVAS, Sheriff,

      Defendants - Appellees.

No. 04-1009
(D.C. No. 03-Z-2165)
(D. Colo.)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **SEYMOUR**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Clarence Hart, a Colorado state prisoner proceeding pro se, appeals from

the district court's dismissal of his civil rights claims for failure to cure certain

deficiencies in his complaint. Hart renews his request to proceed in forma

pauperis on appeal and asks this court to appoint counsel on his behalf.

---

    <sup>*</sup> The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

On October 16, 2003, Hart filed a pro se complaint against the Colorado Department of Corrections and the Denver County Jail, alleging that prison officials lost his glass eye, leaving him with a void facial cavity. On October 30, 2003, the magistrate judge determined that Hart's complaint was deficient in the following particulars: (a) it did not contain a certified copy of Hart's inmate trust fund account statement; (b) it did not bear an original signature; (c) the names in the caption did not match the names in the text; and (d) Hart failed to submit sufficient copies of the complaint to serve each Defendant.

In an effort to meet the trial court's directive, on November 17, 2003, Hart filed an amended complaint and a motion for appointment of counsel. According to the district court, however, he failed "to submit a certified copy of his inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2)." Hart v. Jaukins, No. 03-ES-2165 (D. Colo. filed Dec. 15, 2003). The district court dismissed the complaint and action without prejudice. Hart's motions to proceed in forma pauperis and for appointment of counsel were denied as moot.

On appeal, Hart apparently fails to recognize that the deficiency before the trial court was his failure to submit a certified trust fund account statement. He argues to us merely that he submitted a trust fund account statement, apparently oblivious to the necessity for certification. We are not in a position to waive that requirement—certification. Having thus failed to satisfy the trial court's order,

- 2 -

the appeal before us is premature and fails to state a claim for reversal.  See § 1915(e)(2)(B)(ii).  We dismiss the appeal.  On the same basis, we deny the motion to proceed in forma pauperis.

Although the procedural posture of this case does not permit us to consider the merits of Hart's underlying claims, we nonetheless note that because the district court dismissed Hart's original action and motion for in forma pauperis status without prejudice, Hart may refile his complaint, his motion for in forma pauperis status, and his motion for appointment of counsel with the district court.  Provided that Hart meets all of the procedural and jurisdictional requirements, the district court can then allow his claim to proceed.

We **DENY** Hart's request to proceed in forma pauperis, **ORDER** Hart to immediately pay any unpaid costs and fees due this court for this appeal, and **DISMISS** this appeal.  We **DENY** Hart's request for appointment of counsel.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge